**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**LAWRENCE J. RUSSELL**                                                                          **PETITIONER**

No. 4:25-cv-01058  JM/PSH

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction ("ADC")**                          **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following Recommendation has been sent to United States District Judge James M. Moody, Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Lawrence Russell ("Russell") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The undersigned recommends the petition be dismissed as untimely.

1

Russell is in ADC custody because of his 2018 guilty pleas entered in Pulaski County to charges of two counts of rape, three counts of kidnapping, and three counts of second-degree battery. Doc. Nos. 7-1 – 7-4. Russell was sentenced to an aggregate term of 420 months' imprisonment.[1] Having entered guilty pleas, no direct appeal was available. Russell filed a Rule 37 postconviction petition on February 11, 2019.[2] The trial court denied the Rule 37 petition without prejudice on December 17, 2019, citing Russell's failure to support the petition with a sworn affidavit as required by Rule 37.1(c) of the Arkansas Rules of Criminal procedure. Doc. No. 7-3, pages 10-14. Russell subsequently filed another Rule 37 petition in early 2020,[3] alleging he received ineffective assistance of counsel. Doc. Nos. 7-1 – 7-4. Russell's trial counsel testified at the Rule 37 evidentiary hearing. In addition,

---

[1] Russell was sentenced to 420 months' imprisonment for the two rape convictions and the three kidnapping convictions, and to 72 months' imprisonment for the battery convictions, with the sentences to run concurrently. One charge of battery in the second-degree was *nolle prossed*. Doc. No. 7-1, page 14.

[2] In the first Rule 37 petition, Russell alleged prosecutorial misconduct and denial of a fair and impartial trial. Doc. No. 7-3, pages 6-7.

[3] Russell's convictions were entered in four different case numbers in state court. On January 10, 2020, Russell filed a Rule 37 petition in case CR2018-511, challenging one conviction for rape and kidnapping. Doc. No. 7-3, pages 15-22. On March 10, 2020, Russell filed a similar, though not identical, Rule 37 challenging his rape and kidnapping convictions in CR2018-509. Doc. No. 7-1, pages 2-10. On that same day Russell also filed Rule 37 petitions challenging his rape conviction in CR2018-510 and his battery convictions in CR2018-568. Doc. No. 7-2, pages 2-10, and Doc. No. 7-4, pages 2-10. The three petitions filed on March 10 were identical except for the variance in case numbers.

Russell's guilty plea transcript was introduced at the hearing.  This transcript included Russell's statements, under oath, that he was satisfied with trial counsel and had discussed the case fully with his attorney before pleading guilty.  Doc. No. 7-3, page 25.  On January 4, 2023, the trial court denied relief, finding Russell had failed to show that, but for his attorney's error, he would not have entered the guilty pleas and insisted on going to trial. *Id.*

On November 9, 2025, Russell filed his federal habeas corpus petition, alleging illegal bail and "my counsel had a inappropriate affair with the judge." Doc. No. 1, page 4.

**Statute of Limitations**

Respondent Dexter Payne ("Payne") contends the statute of limitations bars consideration of these claims.  28 U.S.C. § 2244(d)(1) imposes a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Payne contends Russell should have filed his federal habeas petition on or before January 11, 2020, to comply with the timeliness provisions of 28 U.S.C. § 2244. While the undersigned does not embrace Payne's calculations, the ultimate conclusion that the petition is untimely is correct.

As to Payne's calculations, he notes that Russell's sentencing orders were filed on December 12, 2018. Citing *Camacho v. Hobbs*, 774 F.3d 931, 934 (8th Cir. 2015), Payne pegs the date on which the convictions became final as January 11, 2019 (thirty days after the sentencing orders).

*Statutory Tolling*

Payne maintains no statutory tolling is warranted because Russell's first Rule 37 petition, though timely, was not "properly filed" because of the omitted affidavit. 28 U.S.C. § 2244(d)(2). The subsequent Rule 37 petitions, filed on January 10 and

4

March 10, 2020, were, according to Payne, untimely and therefore not properly filed. In the absence of any statutory tolling via properly filed Rule 37 petitions, Payne calculates Russell should have filed his federal petition on or before January 11, 2020.

Payne's calculations rest, in part, on his assertion that the Rule 37 petitions filed in 2020 were untimely. The state court did not deem them untimely. To the contrary, the state court conducted an evidentiary hearing and found the claims of ineffective assistance without merit. Doc. No. 7-1, pages 11-12.

Questions may arise about the effect of Russell's Rule 37 petition. For example, his initial Rule 37 petition was dismissed without prejudice. Did this dismissal, on December 17, 2019, operate to afford him an additional ninety days to file a new petition? If so, then were his January and March 2020 Rule 37 petitions timely? And what to make of the state court's silence on the issue of timeliness? These questions need not be addressed. This is so because even if the Rule 37 petitions were deemed timely and the time of their pendency excluded as statutorily tolled, Russell failed to file a timely federal petition.

The Rule 37 petitions filed in January and March of 2020 were denied by the trial court on January 4, 2023. Even allowing Russell an additional thirty days in which to appeal (he concedes no appeal was attempted – see Doc. No. 1), the

limitation period would have begun to run on February 3, 2023, and expired one year from then, in February 2024.  The petition here was filed in November 2025, more than twenty-one months too late.

*Equitable Tolling*

This does not end the Court's analysis, however, since the failure to file a timely petition can be excused under some circumstances:

> Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002). Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted)*.

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).  The burden of proving that equitable tolling is appropriate rests with the petitioner.  *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009).

The Court notified Russell of his opportunity to respond to Payne's assertion that the petition was time-barred.  Doc. No. 8.  Russell has responded, submitting two replies and two notices.  In his first Reply, Russell complains that he is being targeted by ADC staff after filing this case, that the trial judge's order denying the

6

initial Rule 37 petition was rife with errors,[4] and that he received ineffective assistance of counsel. Doc. No. 9. In the second Reply, Russell again argues the trial judge erred in ruling on his Rule 37 petitions, and his trial counsel was ineffective in various ways. Doc. No. 10. In his first Notice, Russell again contends ADC staff have retaliated against him for filing this suit and hindered his ability to receive his mail, and his second Notice alleges retaliation via tardy delivery of his mail and tardy pick-up of his laundry. Doc. Nos. 11 & 12.

These pleadings largely emphasize the claims advanced in Russell's petition, but they do not address the issue at hand – were extraordinary circumstances at play preventing Russell from filing a timely petition?[5] Russell has not borne his burden of providing evidence that he was prevented from timely filing his petition by actions of the respondent or extraordinary circumstances outside his control. The record reflects no reason to equitably toll the limitation period.

---

[4] The trial judge's Order Dismissing Rule 37 Petition, filed on November 21, 2019, did contain errors, including misstating the crime of which Russell was convicted. Doc. No. 7-3, pages 10-11. The trial judge cured this problem with an Amended Order Dismissing Rule 37 Petition, dated December 17, 2019. Doc. No. 7-3, pages 12-13.

[5] Complaints about retaliation for filing this suit are not properly litigated in this case, as habeas corpus is reserved for challenges to the fact of or duration of confinement. Retaliation claims may be brought in a lawsuit brought under 42 U.S.C. § 1983.

*Conclusion*

Even assuming statutory tolling occurred during the pendency of Russell's Rule 37 efforts, the limitation period expired more than twenty-one months before the filing of this habeas corpus petition.  Russell does not demonstrate that equitable tolling occurred.    Accordingly, the undersigned recommends the petition be dismissed as untimely, and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the certificate of appealability should be denied.

IT IS SO RECOMMENDED this 4th day of February, 2026.

_____
UNITED STATES MAGISTRATE JUDGE